UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE MCCORMICK & ASSOCIATES, INC., a
Michigan corporation,

    Plaintiff,

v.                                              Case No. 12-15460

LAKESHORE ENGINEERING SERVICES,
INC., ET AL,

    Defendants.
                                            /

**OPINION AND ORDER CONFIRMING EFFECTIVE SERVICE OF SUMMONSES AND GRANTING REQUEST FOR ALTERNATIVE SERVICE**

On March 28, 2013, Plaintiff filed a "Motion for Confirmation of Service, Extension of Summons, and for Alternate Service of Process." [Dkt. # 31] Plaintiff explains that it has been unable to effect service on Defendants Derrick Miller, Bobby W. Ferguson, Ferguson's Enterprises, Inc., and Xcel Construction Services, Inc.

Regarding Defendant Miller, Plaintiff has been unsuccessful in all of its attempts to serve Miller at his last known addresses. Plaintiff represents that it has attempted to call Miller's last known cell phone number, with no success. Federal Rule of Civil Procedure 4(e)(1) allows service to be made on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located[.]" Michigan requires that service be made on individuals either by delivering a summons and copy of the complaint to the defendant personally, or by sending a summons and copy of the complaint by certified mail to the defendant. Mich. Ct. R. 2.105(A). However, if a plaintiff shows that service by these

methods cannot reasonably be made, Michigan allows service to be made "in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(I)(1).  The court finds that Plaintiff has made reasonable efforts to effect personal service on Miller. Plaintiff asks that the court extend the summons for Miller and allow service by the following methods: (1) mailing Miller this Order for Alternate Service, Summons and the Complaint to his last known address, (2) mailing these same documents to Miller's criminal attorney, Byron Pitts, at the address listed with the Michigan State Bar Association, (3) posting this order and the summons in the United States District Court for the Eastern District of Michigan, Southern Division and in Wayne County Circuit Court, and (4) by daily publication for two weeks in a local Michigan newspaper of general circulation.  The court finds that these methods are reasonably calculated to give Miller notice of the proceedings and an opportunity to be heard.

    Regarding Defendants Bobby W. Ferguson, Ferguson's Enterprises, Inc., and Xcel Construction Services, Inc., (collectively, the "Ferguson Entities"), Plaintiff represents that on March 19, 2013, its process server attempted service on Bobby Ferguson at the Federal Correctional Institution in Milan, Michigan.  According to an affidavit provided by the process server, the process server attempted to pass the summons and complaint to Ferguson through a mail slot, but Ferguson refused service and told the process server to serve his attorney without identifying who his attorney is. Plaintiff sent an email to Gerald Evelyn, an attorney who represented the Ferguson Entities in litigation brought by the City of Detroit, but Evelyn did not respond to confirm

2

whether or not he was authorized to accept service on behalf of the Ferguson Entities. While this motion was pending, Plaintiff filed a certificate of service, reporting that on September 30, 2013, it effected service on Ferguson by certified mail at the Federal Correctional Institution in Milan.

The court is inclined to find that the March 19, 2013 service was valid, despite Ferguson's attempt to refuse or evade service. *See Sparton Engineered Prods., Inc. v. Cable Control Tech., Inc.*, 178 F.3d 1296, at *2 n. 6 (6th Cir. 1999) (unpublished) (noting with approval district court's determination that "one cannot avoid service by refusing physically to accept the summons, once informed that the service of summons is being attempted."); *Novak v. World Bank*, 703 F.2d 1305, 1310 n. 14 (D.C. Cir. 1983) ("When a person refuses to accept service, service may be effected by leaving the papers at a location, such as on a table or on the floor, near that person."). At a minimum, his refusal constitutes a valid basis to extend the summons. And given that service was eventually effected by certified mail, the court finds that Ferguson is on proper notice of this lawsuit and will be deemed served. Accordingly,

IT IS ORDERED that Plaintiff will be given 60 days to effect service on Miller by the methods described above. Plaintiff is ordered report to the court regarding the success of these methods.

IT IS FURTHER ORDERED that service is deemed to have been properly

effected on the Ferguson Entities.  A copy of this order will be mailed to Ferguson at the Correctional Institution in Milan.

      s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 5, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 5, 2013, by electronic and/or ordinary mail.

      s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522