UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE MCCORMICK & ASSOCIATES, INC.,

        Plaintiff,

v.

LAKESHORE ENGINEERING SERVICES, INC., ET AL.,

        Defendants.

                                    /

Case No. 12-15460

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION [142] AND AMENDING THE COURT'S ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM INTERLOCUTORY ORDER [139] TO INCLUDE STATEMENT REQUIRED FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

On December 20, 2013, the Court issued an Order [Doc. #96] dismissing with prejudice Plaintiff's antitrust and RICO claims against Defendants Anthony Soave, Lakeshore Engineering Services, Inc., Avinash Rachmale, Lakeshore Toltest, Toltest Corporation, Thomas Hardiman, A&H Contractors, Inc., Inland Waters Pollution Control, Inc., Inland/XCel, LLC, Detroit Contracting, Inc., Nafa Khalaf, and Detroit Management JV Team, LLC (the Dismissed Defendants). On

1

August 15, 2014, Plaintiff filed a Motion [128] for relief from the Court's December 20, 2013 Order [96]. On August 28, 2015, the Court issued an Order Granting Plaintiff's Motion for Relief from Interlocutory Order [139], which vacated the Order [96] and reopened Plaintiff's claims against the Dismissed Defendants. On September 11, 2015, the Dismissed Defendants filed the instant Motion for Reconsideration [142].[1]

The Court denies the motion for reconsideration with respect to the merits of the Order Granting Plaintiff's Motion for Relief from Interlocutory Order [139]. The Court adheres to its conclusion that the time bar on motions for reconsideration under the Local Rules of this District did not bar the Court from exercising its inherent authority to reconsider the interlocutory order. Further, even if the Court could only exercise its inherent authority to correct a "palpable" error or an injustice, rather than mere error, the Court believes that that its analysis of the vacated interlocutory order satisfies such a standard. Finally, the Dismissed Defendants have cited no controlling authority restraining the Court from

---

[1] Plaintiff filed a Response [143] on September 25, 2015. The Court considers the Response unauthorized under Local Rule 7.1(h)(2).

reconsidering the interlocutory order solely because it was entered by a previously assigned district judge.[2]

The Court grants the motion for reconsideration only to the extent that it requests that the Court certify the Order Granting Plaintiff's Motion for Relief from Interlocutory Order [139] for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). That statute provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order ….

28 U.S.C. § 1292(b). The statute's procedural requirements are relaxed by Federal Rule of Appellate Procedure 5(a)(3), which provides as follows:

---

[2] To the extent the Dismissed Defendants suggest that the Court showed disrespect to Judge Cleland or to the principle of continuity, the Court disagrees. Plaintiff's motion for relief from the interlocutory order was pending decision at the time the case was reassigned to this Court. Judge Cleland had ordered the Dismissed Defendants to file a written response to the motion. Further, in his last act before the case was reassigned, Judge Cleland had partially postponed his ruling on Plaintiff's motion for default judgment against the remaining defendants pending his resolution of Plaintiff's motion for relief from the interlocutory order. In this context, the Court believes that the continuity of the proceedings would have been disrupted, rather than preserved, if the Court had applied a more stringent standard to Plaintiff's motion solely due to the reassignment of the case.

> If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement. In that event, the time to petition runs from entry of the amended order.

FED. R. APP. P. 5(a)(3).

In their supporting brief, the Dismissed Defendants aptly explain why the Court's Order Granting Plaintiff's Motion for Relief from Interlocutory Order [139] involves four controlling questions of law as to which there is substantial ground for difference of opinion, and why an immediate appeal from the order may materially advance the ultimate termination of the litigation. The Court adopts this opinion of the Order [139] for the reasons stated in the Dismissed Defendants' brief.[3] Pursuant to Federal Rule of Appellate Procedure 5(a)(3), the Court amends the Order [139] to include the written statement required by § 1292(b). It is the Court's understanding and intent that the Dismissed Defendants will have ten days from the issuance of this Order to apply to the Sixth Circuit for permission to appeal the Order Granting Plaintiff's Motion for Relief from Interlocutory Order

---

[3] The Court adopts the Dismissed Defendants' framing of the issues to be certified, but notes that "even those issues not properly certified are subject to [the Sixth Circuit's] discretionary power of review if otherwise necessary to the disposition of the case." *Pinney Dock & Transport Co. v. Penn. Cent. Corp.*, 838 F.2d 1445, 1455 (6th Cir. 1988).

[139]. Nevertheless, the timeliness and propriety of such an application are issues reserved for decision by the Sixth Circuit. Accordingly,

**IT IS ORDERED** that the Dismissed Defendants' Motion for Reconsideration [142] is **GRANTED** with respect to certification of an interlocutory appeal and otherwise **DENIED**.

**IT IS FURTHER ORDERED** that the Court's Order Granting Plaintiff's Motion for Relief from Interlocutory Order [139] is **AMENDED** to include a statement, as required to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), that the Court is of the opinion that the Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

**SO ORDERED**.

Dated: September 28, 2015

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge