UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE MCCORMICK AND ASSOCIATES, INC., | Case No. 12-15460 |
| Plaintiff, | SENIOR U.S. DISTRICT JUDGE ARTHUR J. TARNOW |
| v. | U.S. MAGISTRATE JUDGE MONA K. MAJZOUB |
| LAKESHORE ENGINEERING SERVICES, INC., ET AL., | |
| Defendants. | |
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [152]**

Before the Court is Plaintiff's Motion for Default Judgment [152] against Defendants Kwame Kilpatrick, Bobby W. Ferguson, Ferguson's Enterprises, Inc., Xcel Construction Services, Inc., and Derrick A. Miller. Plaintiff filed a Complaint [1] on December 13, 2012, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and (d), Antitrust statutes, 15 U.S.C. § 1 *et seq.*, and the Equal Protection Clause, pursuant to 42 U.S.C. §§ 1981 and 1983. Since the commencement of this lawsuit, it does not appear that the above-named Defendants have retained counsel; no Notice of

1

Appearance by an attorney has been filed on behalf of these Defendants, nor have they attempted to participate in the proceedings in any way.

Plaintiff requested Clerk's Entry of Default as to all Defendants on February 5, 2014 [101-105]. The Clerk of the Court entered Default as to all Defendants on February 6, 2014 [106-110]. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Plaintiff now moves for an entry of Default Judgment as to all Defendants [152].

The Court will enter default judgment against all Defendants after a hearing has been held to determine the amount of damages. "Where damages are unliquidated a default admits only [the defaulting party's] liability and the amount of damages must be proved." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (unpublished) (quoting *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)). The court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). The court may, without violating any federal statutory right to a jury trial, conduct hearings or

make referrals to determine the amount of damages when necessary to enter or effectuate judgment. FED. R. CIV. P. 55(b)(2)(B).

The Court being satisfied that the requirements for a default judgment have been met,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Default Judgment is **GRANTED**, amount subject to a hearing before the magistrate judge.

**IT IS FURTHER ORDERED** that this matter be referred to United States Magistrate Judge Mona K. Majzoub for hearing and determination of damages, pursuant to 28 U.S.C. § 636(b)(1)(A).

**SO ORDERED**.

Dated: December 28, 2016

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

3