UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

WILLIE MCCORMICK AND ASSOCIATES, INC.,

                Plaintiff,

v.

LAKESHORE ENGINEERING SERVICES, INC, et al,

                Defendants.

Case No. 2:12-cv-15460
HON. Arthur J. Tarnow

## PLAINTIFF'S RESPONSE TO MOTION TO VACATE AND SET ASIDE DEFAULT JUDGMENT AGAINST DEFENDANTS

NOW COMES the Plaintiff, by and through its attorneys Parker and Parker, and in response to Defendants' Motion states unto the Court as follows:

1. Admit.

2. Neither admit nor deny for lack of sufficient information upon which to base a response.

3. The Affidavit speaks for itself (See ECF Doc No. 31, Exhibit C).

4. The Affidavit speaks for itself (See ECF Doc No. 31, Exhibit C).

5. The Affidavit speaks for itself (See ECF Doc No. 31, Exhibit C).

6. The Affidavit speaks for itself (See ECF Doc No. 31, Exhibit C).

7. Denied for the reason it is untrue. There are not two separate Federal prison facilities. FCI Milan is a U.S. federal prison operated by the Federal Bureau of Prisons. The facility is located at 4004 E. Arkona Road in Milan, Michigan and has units that house both sentenced inmates and pretrial and holdover detainees.

8. Denied for the reason it is untrue. There is one Federal prison located at 4004 E. Arkona Road, Milan, Michigan 48160.

9. The Affidavit speaks for itself. Plaintiff denies that the process server perjured himself in the Affidavit. Plaintiff further denies that the Federal Bureau of Prisons presented an individual to the process server that was not Defendant Bobby Ferguson.

10. The Affidavit speaks for itself. Plaintiff denies that the process server perjured himself in the Affidavit. Plaintiff further denies that the Federal Bureau of Prisons presented an individual to the process server that was not Defendant Bobby Ferguson.

11. The Affidavit speaks for itself. Plaintiff denies that the process server perjured himself in the Affidavit. Plaintiff further denies that the Federal Bureau of Prisons presented an individual to the process server that was not Defendant Bobby Ferguson.

12. The Affidavit speaks for itself. Plaintiff denies that the process server perjured himself in the Affidavit. Plaintiff further denies that the Federal Bureau of Prisons presented an individual to the process server that was not Defendant Bobby Ferguson.

13. The Affidavit speaks for itself and indicates a service date of March 19, 2013.

14. The docketing speaks for itself.

15. BOP Mail Policy is irrelevant. Defendant was personally served on March 19, 2013 and failed to provide another address to Plaintiff or the Court.

16. The Amended Complaint speaks for itself.

17. The Certificate of Service speaks for itself.

18. The filed pleadings in this case speak for themselves. It is unknown what other parties in the action did outside their pleadings.

19. Defendant's location after being properly served on March 19, 2013 is irrelevant. After proper service, a party is required to serve the Defendant at the address of service or last known address unless another address is provided by the Defendant. FRCP 5(b)(2)(C).

20. Defendant's alleged location after being properly served on March 19, 2013 is irrelevant. After proper service, a party is required to serve the Defendant at the address of service or last known address unless another address is provided by the Defendant. FRCP 5(b)(2)(C).

21. Defendant's alleged location after being properly served on March 19, 2013 is irrelevant. After proper service, a party is required to serve the Defendant at the address of service or last known address unless another address is provided by the Defendant. FRCP 5(b)(2)(C).

22. The filed pleadings speak for themselves. The conduct of other parties is irrelevant to Defendants' failure to plead or otherwise defend in this matter within the time prescribed by law. FRCP 12(a).

23. The Orders of the Court speak for themselves.

24. Admit that Defaults were entered against Defendants for failure to plead or otherwise defend in this matter within the time prescribed by law. FRCP 12(a).

25. Plaintiff had no obligation to serve Defendants with any pleadings after entry of default, but as a courtesy sent same to the last known address. FRCP 5(a)(2).

26. Plaintiff filed a Motion for Default Judgment on November 1, 2016, which was granted by Order dated December 28, 2016 (See ECF Doc No. 152 and 154).

27. Defendant's alleged location after being properly served on March 19, 2013 is irrelevant. After proper service, a party is required to serve the Defendant at the address of service or last known address unless another address is provided by the Defendant. FRCP 5(b)(2)(C).

28. The filed pleadings in this case speak for themselves.

29. BOP Mail Policy is irrelevant. Defendant was personally served on March 19, 2013 and failed to provide another address to Plaintiff or the Court.

30. The motion speaks for itself.

31. The filed pleadings in this case speak for themselves.

32. Plaintiff filed a Motion for Default Judgment on November 1, 2016, which was granted by Order dated December 28, 2016 (See ECF Doc No. 152 and 154).

33. The Orders of the Court speak for themselves.

34. The Orders of the Court speak for themselves.

35. The filed pleadings in this case speak for themselves.

36. The Orders of the Court speak for themselves.

37. The Orders of the Court speak for themselves.

38. Plaintiff filed a Motion for Default Judgment on November 1, 2016, which was granted by Order dated December 28, 2016 (See ECF Doc No. 152 and 154).

39. Plaintiff filed a Motion for Default Judgment on November 1, 2016, which was granted by Order dated December 28, 2016 (See ECF Doc No. 152 and 154).

40. Denied for the reason it is untrue. Notice of Determination of Motion Without Oral Argument was filed by the Court on December 29, 2016.

41. The Report and Recommendation speaks for itself and was adopted without objection by Order dated April 19, 2018 (See ECF Doc No. 159 and 160).

42. It is unknown when and why Defendant Ferguson was released from prison. Defendant has made no attempts to contact Plaintiff or counsel.

43. Denied for the reason it is untrue. Plaintiff is a Michigan corporation with multiple shareholders.

44. Admit that Default Judgment was properly entered against Defendants and remains in effect.

WHEREFORE Plaintiff requests this Honorable Court deny Defendants' Motion in its entirety and award Plaintiff all attorney fees incurred to defend this frivolous motion pursuant to FRCP 11.

Respectfully submitted,

Dated: March 17, 2022

/s/ Tara A. Pearson
Tara A. Pearson (P69746)
Parker and Parker
Attorneys for Plaintiff
704 E. Grand River, P.O. Box 888
Howell, MI 48844-0888
(517) 546-4864
TAPearson@parkerandparkerlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

WILLIE MCCORMICK AND ASSOCIATES, INC.,

             Plaintiff,

v.

LAKESHORE ENGINEERING SERVICES, INC, et al,

             Defendants.

Case No. 2:12-cv-15460
HON. Arthur J. Tarnow

---

## PLAINTIFF'S BRIEF IN SUPPORT OF RESPONSE TO DEFENDANTS' MOTION TO VACATE AND SET ASIDE DEFAULT JUDGMENT AGAINST DEFENDANTS

### LEGAL AUTHORITY

The Court may set aside a Default Judgment pursuant to FRCP 60(b). FRCP 55(c). A motion for relief from judgment filed pursuant to the provisions of FRCP 60(b) must be filed within a reasonable time, but no more than one year after entry of the default judgment. FRCP 60(c)(1).

### ARGUMENT

Order Granting Plaintiff's Motion for Default Judgment was entered by this Court on December 28, 2016. Defendants filed their Motion to Vacate and Set Aside Default Judgment on February 28, 2022. Defendants' motion is not timely; the motion was not filed within a reasonable time after entry of Order and clearly not within one year.

Defendants have failed to identify with specificity what valid grounds are asserted as identified in FRCP 60(b). It appears the grounds asserted are excusable neglect and misconduct by the opposing party. FRCP 60(b)(1)(3). These claims are required to be made within one year. Over five (5) years have elapsed since entry of judgment. Defendants' motion has no basis in law and is frivolous.

### Defendant's Misconduct

Defendant Ferguson has made allegations that are beyond credulity. To believe Defendant, the Court must find that, a licensed Professional Investigator committed perjury in his Affidavit, or, that the employees of the Federal Bureau of Prisons provided a false identify to the inmate presented for service. Both of these assertions are ridiculous.

Defendant Ferguson also claims to have engaged in no misconduct, as alleged in Plaintiff's Complaint, despite being convicted of nine (9) total counts of RICO conspiracy, extortion, attempted extortion and bribery. Again, a ludicrous allegation.

### Conclusion

Defendants have failed to timely file their Motion and it must be denied. Defendants have also made false and frivolous allegations within their motion and must be sanctioned.

WHEREFORE Plaintiff requests this Honorable Court deny Defendants' Motion in its entirety and award Plaintiff all attorney fees incurred to response to same.

Respectfully submitted,

Dated: March 17, 2022

/s/ Tara A. Pearson
Tara A. Pearson (P69746)
Parker and Parker
Attorneys for Plaintiff
704 E. Grand River, P.O. Box 888
Howell, MI 48844-0888
(517) 546-4864
TAPearson@parkerandparkerlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

WILLIE MCCORMICK AND ASSOCIATES, INC.,

        Plaintiff,

v.

LAKESHORE ENGINEERING SERVICES, INC, et al,

        Defendants.

Case No. 2:12-cv-15460
HON. Arthur J. Tarnow

## **CERTIFICATE OF SERVICE**

On March 17, 2022 I served a copy of Plaintiff's Response to Defendants' Motion to Vacate and Set Aside Default Judgment, Brief in Support of Plaintiff's Response to Defendants' Motion to Vacate and Set Aside Default Judgment, and this Certificate of Service upon Defendant Bobby W. Ferguson by First Class Mail to the listed address of 18944 Bretton Drive, Detroit, Michigan 48223.

Respectfully submitted,

Dated: March 17, 2022

/s/ *Tara A. Pearson*
Tara A. Pearson (P69746)
Parker and Parker
Attorneys for Plaintiff
704 E. Grand River, P.O. Box 888
Howell, MI 48844-0888
(517) 546-4864
TAPearson@parkerandparkerlaw.com