UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE MCCORMICK AND ASSOCIATES, INCORPORATED, <br><br> Plaintiff, <br><br> v. <br><br> LAKESHORE ENGINEERING SERVICES, INCORPORATED, BOBBY W. FERGUSON, *et al.*, <br><br> Defendants. | Case No. 12-15460 <br> Honorable Laurie J. Michelson |

### ORDER DENYING FERGUSON'S MOTION FOR RECONSIDERATION [167]

Willie McCormick and Associates received a seven-million-dollar default judgment against Bobby Ferguson in 2018. Ferguson waited nearly four years to move to set it aside. Ferguson claimed he was never properly served and thus, the judgment was void under Federal Rule of Civil Procedure 60(b)(4). The Court disagreed. In addition to the motion being unreasonably tardy, this Court found that the two district judges who handled this litigation on the merits, Robert H. Cleland and Arthur J. Tarnow, correctly found that service on Ferguson had been properly effectuated.

Undeterred, Ferguson has filed a "motion for reconsideration." (ECF No. 167.) But because he again delayed seeking relief and has missed the 14-day deadline for seeking reconsideration under the District's local rules, Ferguson seeks relief under Federal Rule of Civil Procedure 60(b). Finding no substantive mistake of law or fact

in the Court's order denying Ferguson's motion to set aside the default judgment, the motion for reconsideration is DENIED.

# I.

The Court will first address whether Ferguson's motion is timely.

In April 2018, after a default had been entered against Ferguson for failing to appear and defend this civil lawsuit and after the magistrate judge held a hearing on damages, Judge Tarnow ordered that default judgment be entered against Bobby W. Ferguson and Ferguson's Enterprises, Inc. (among others) in the amount of $7,477,873.83. *See Willie McCormick & Assocs., Inc. v. Lakeshore Engineering Servs., Inc.*, No. 12-15460, 2018 WL 1875628 (E.D. Mich. Apr. 19, 2018) *available at* (ECF No. 160). Years later, on September 8, 2022, this Court denied Ferguson's February 28, 2022, motion to set aside the default judgment under Federal Rule of Civil Procedure 60(b)(4) for want of service of process. *Willie McCormick & Assocs., Inc. v. Lakeshore Engineering Servs., Inc.*, No. 12-15460, 2022 WL 4104013 (E.D. Mich. Sept. 8, 2022) *available at* (ECF Nos. 161, 166). Almost three months later, on December 5, 2022, Ferguson moved the Court to reconsider the September 8, 2022, order. (ECF No. 167.)[1]

Under this District's local rules, a motion for reconsideration of a non-final order must be filed within 14 days after entry of the order. E.D. Mich. LR 7.1(h)(2). Ferguson failed to meet this deadline. But "Parties seeking reconsideration of final

---

[1] Likely because the motion is styled as one for reconsideration, Plaintiff did not respond. *See* E.D. Mich. LR 7.1(h)(3) ("No response to the motion [for reconsideration] and no oral argument are permitted unless the court orders otherwise.").

2

orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)." E.D. Mich. LR 7.1(h)(2). Because Ferguson also missed the 28-day deadline for filing a Rule 59 motion, he seeks to bring the motion under Rule 60(b), which would be timely. (ECF No. 617, PageID.4322, 4325); Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). But whether this is the proper procedural mechanism is not so clear.

Rule 60(b) allows a court, "[o]n motion and just terms, . . . [to] relieve a party . . . from a final judgment, order, or proceeding" for certain enumerated reasons. Fed. R. Civ. P. 60(b). In other words, "Rule 60(b) applies only to 'final' orders." *Payne v. Courier-Journal*, 193 F. App'x 397, 400 (6th Cir. 2006) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1277 (6th Cir. 1991)). Thus, if the Court had *granted* Ferguson's motion to set aside the default judgment, Rule 60(b) would not be the proper route for reconsideration of that non-final order. *See, e.g., Doyle v. Mut. of Omaha Ins. Co.*, 504 F. App'x 380, 381 (6th Cir 2012) (explaining that, at least for appeal purposes, "where an order merely vacates a judgment and leaves the case pending for further determination," the Court generally deems the order non-final); *see also In re Saffady*, 524 F.3d 799, 802 (6th Cir. 2008) (finding that court lacked jurisdiction to review "[a]n order setting aside a prior judgment" because the order "clearly contemplate[d] further proceedings").

So what about the flip side where the Court *denied* the motion to set aside the default judgment? Unfortunately, Ferguson does not address whether an order declining to set aside a final judgment is itself a final order. And the Court has not found anything definitive from the Sixth Circuit. But some courts in the Circuit have rejected this use of Rule 60(b). *See, e.g.*, *Frazier v. United States*, Nos. 14-CV-134; 09-CR-188, 2020 U.S. Dist. LEXIS 82881, at *14 (E.D. Tenn. May 12, 2020) ("To the extent Petitioner's motion is directed to the denial of his previous Rule 60(b) motion . . . he has not shown that the denial of a Rule 60(b) motion is itself a 'final judgment, order, or proceeding' as required for Rule 60(b) to apply"); *Devore v. UPS Co. Air*, No. 21-cv-478, 2023 U.S. Dist. LEXIS 54611, at *1 (W.D. Ky. Mar. 13, 2023) ("A litigant may not use a Rule 60(b) motion to 'relitigate the Court's previous' decision[.]" (citation omitted)).

In the end, the Court can avoid wading deeper into the propriety of Ferguson's use of Rule 60(b) to seek reconsideration of the denial of his prior Rule 60(b) motion. Whether timely or not, the motion ultimately fails on the merits.

## II.

In seeking reconsideration of the Court's refusal to set aside the default judgment, Ferguson has invoked Rule 60(b)(1), (3) and (4). Ferguson bears the burden of showing that the Rule's prerequisites are met. *See McCurry v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002). He has failed to do so. Indeed, this list can be quickly narrowed.

4

Rule 60(b)(4) provides relief from void judgments. Fed. R. Civ. P. 60(b)(4). This was the basis of Ferguson's underlying motion to set aside the default judgment. It does not apply to his challenge to the ruling on that motion. While Ferguson is claiming that ruling is erroneous, he is not claiming it is void.

Rule 60(b)(3) is likewise inapplicable. It covers fraud, misrepresentation, or other misconduct of an adverse party. Fed. R. Civ. P. 60(b)(3). Ferguson contends that Plaintiff's counsel's failure to inform the Court of Willie McCormick's death and to move for substitution under Federal Rule of Civil Procedure 25 is fraud. (ECF No. 167, PageID.4334.) But McCormick is not the plaintiff. And he was apparently alive when the default judgment was entered in favor of his company. His death has nothing to do with whether that judgment is void for want of service of process. The Court also notes that "[a] motion for substitution may be made by *any* party." Fed. R. Civ. P. 25(a)(1) (emphasis added). In short, the fraud provision does not apply here.

### III.

That leaves Rule 60(b)(1) which allows relief from a final order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Sixth Circuit has "held that 'a Rule 60(b)(1) motion is intended to provide relief . . . when the judge has made a substantive mistake of law or fact in the final judgment or order.'" *Penney v. United States*, 870 F.3d 459, 461 (6th Cir. 2017) (quoting *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)). The essence of Ferguson's reconsideration motion is that the Court erred in crediting the process server's

5

affidavit regarding his attempt to serve Ferguson while Ferguson was in pretrial detention at Milan. The Court will endeavor to address the arguments as it understands them.

### A.

First, because Ferguson disputes that he was ever properly served and claims the process server's affidavit is untrue, he believes the Court failed in its duty to liberally construe his pro se motion to set aside the default judgment. (ECF No. 167, PageID.4326.) But "[t]he leniency granted to pro se petitioners, which [Ferguson] would stretch to its fullest, is not boundless." *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). It does not mean Ferguson's position prevails despite the record and the law. A pro se litigant must still adequately brief the issues advanced and reasonably comply with the relevant procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). The Court thoroughly considered Ferguson's arguments. It found that he fell short in satisfying Rule 60(b)(4)'s requirement of showing the default judgment was void. This was not error.

### B.

Next, Ferguson contends the Court erred in a number of ways in finding sufficient service of process.

### 1.

First, by failing to apply the standard of review for a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Ferguson says that "when, as here, the district court does not conduct an evidentiary hearing, a court must view the pleadings and affidavits in the light

6

most favorable to the plaintiff and not consider the controverting assertions of the defendant when deciding whether to dismiss for lack of jurisdiction." (ECF No. 167, PageID.4327 (citing *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000); *Serras v. First Tennessee Bank*, 874 F.2d 1212, 1214 (6th Cir. 1989)).); *see also Shelter Mut. Ins. Co. v. Bissell Homecare, Inc.*, No. 3:20-CV-00813, 2021 WL 1663585, at *3 (M.D. Tenn. Apr. 28, 2021) ("The upshot seems to be this: in opposing a motion to dismiss for lack of personal jurisdiction, a plaintiff cannot rely on mere allegations in the complaint, unless they are uncontroverted by the defendant-movant—in which case they can be accepted as true, as can the averments in the plaintiff's declarations (even if contradicted) and the defendant's undisputed factual assertions."). Even assuming this standard applies, its application is consistent with the Court's ruling. The Court pointed out that Ferguson did not provide any affidavit to contradict Plaintiff's allegations and argument that he was properly served—which included a sworn affidavit from the process server about his efforts to serve Ferguson at Milan and Ferguson's refusal to accept that service. (ECF No. 166.) So the Court correctly credited the Plaintiff's version of the facts.

Ferguson also overlooks the controlling standard of review. According to the Sixth Circuit, "a Rule 60(b)(4) motion will succeed only if the lack of [jurisdiction] was 'so glaring as to constitute a total want of jurisdiction,' or 'no arguable basis for jurisdiction existed.'" *In re G.A.D., Inc.*, 340 F.3d 331, 336 (6th Cir. 2003) (quotation omitted); *see also United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271

7

(2010) ("Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction." (quotation omitted)).

Ferguson's Rule 60(b) motion to set aside the default judgment and his motion for reconsideration of the denial of that motion are focused on whether the process server actually confronted him at Milan and attempted to serve him. But he neglects to address Judge Cleland's alternate ruling that "given that service was eventually effected by certified mail, the court finds that Ferguson is on proper notice of this lawsuit and will be deemed served." (ECF No. 90, PageID.3307.) Judge Cleland therefore ordered "that service is deemed to have been properly effected on the Ferguson Entities." (ECF No. 90, PageID.3307–3308.)

In short, given the Plaintiff's efforts to serve Ferguson, there was an "arguable basis for jurisdiction." Thus, reconsideration of the Court's Rule 60(b)(4) order is not warranted.

2.

Ferguson next contends that the Court erred in failing to give weight to the unsworn statements in his Rule 60(b)(4) motion that challenged the process server's affidavit. (ECF No. 167, PageID.4330.) He says these statements were enough under Federal Rule of Civil Procedure 11, and no competing affidavit was required. (*Id.*)

8

It is true that Rule 11 says "a pleading need not be verified or accompanied by an affidavit." Fed. R. Civ. P. 11(a). But a Rule 60(b) motion for relief from judgment is not a pleading. *See* Fed. R. Civ. P. 7. And while Ferguson's signature on the motion attests that the factual contentions have evidentiary support, *see* Fed. R. Civ. P. 11(b), that does not mean they are entitled to controlling weight or are sufficient to overcome the facts that are more strongly supported on the other side. Also, Ferguson's suggestion that the process server's affidavit should not have been considered because it is unsigned, (ECF No. 167, PageID.4331), is simply incorrect. (*See* ECF No. 28.)

So nothing about this argument reveals a mistake of fact or law entitling Ferguson to relief from the order denying his motion to set aside the default.

### 3.

Lastly, Ferguson challenges the Court's finding that his four-year delay in bringing the Rule 60(b)(4) motion was unreasonable. But this was not a decisive factor in the Court's denial of the motion. The Court went on to address the merits. So this is not a basis for reconsideration.

Moreover, Ferguson simply reiterates his argument that he had no knowledge of this civil litigation until his release from prison on April 29, 2021, because the encounter with the process server on March 19, 2013, never happened. (ECF No. 167, PageID.4332–4333.) Ferguson again does not address the subsequent attempt to serve him by certified mail—in which someone at the prison signed for the service documents and they were not returned—as well as efforts to serve notice

9

of the default and motion for default judgment on him at the Wayne County Jail which were returned as "refused." (ECF No. 121, PageID.3756, 3762.) The Court's finding that these service efforts supported Judge Cleland and Judge Tarnow's rulings that Ferguson was adequately notified of the litigation such that he could have moved to set aside the default judgment earlier is not erroneous.

## IV.

For the reasons given, Ferguson's motion for reconsideration of the denial of his motion to set aside the default judgment (ECF No. 167) is DENIED.

SO ORDERED.

Dated: April 27, 2023

                                                      s/Laurie J. Michelson  
                                                    LAURIE J. MICHELSON  
                                                    UNITED STATES DISTRICT JUDGE